UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SWIFT,

        Petitioner,                      Civil No. 08-13746
                                                      Criminal No. 05-20009
v.                                                 Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

        The petitioner, Ronald Swift, was convicted by a jury of two counts of distribution of more than five grams of cocaine base, and was sentenced to a prison term of 180 months, to be followed by eight years of supervised release. He has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his attorney provided constitutionally ineffective assistance during his sentencing proceeding by not objecting to the calculation of his criminal history score. If the petitioner is correct in his argument, too many criminal history points were assessed for two of his prior convictions. The government filed an answer in opposition asserting that even if that is true, the petitioner suffered no prejudice because the correct guideline scoring was driven by its career offender provisions, and Swift received a sentence substantially below the applicable guideline range. The Court finds that Swift's attorney was not constitutionally ineffective and Swift cannot establish prejudice. Therefore, the Court will deny the motion to vacate the sentence.

I.

A grand jury sitting in Bay City, Michigan indicted the petitioner on February 9, 2005, charging him with two counts of violating the federal drug laws. Because the petitioner previously had been convicted of two prior felony drug offenses, the government filed a penalty enhancement information under 21 U.S.C. § 851 on March 9, 2005. The information specified only one prior offense, however, so the statutory minimum sentence was increased to ten years. *See* 21 U.S.C. § 841(b)(1)(B).

Following a two-day jury trial, the petitioner was convicted of two counts of distributing more than five grams of crack cocaine, in violation of 21 U.S.C. § 841. A presentence investigation report (PSR) was prepared that revealed that the petitioner had six prior drug convictions (four of them misdemeanors), all in state court. The petitioner filed six objections to the PSR, challenging whether certain prior convictions should be scored. He argued there was no proof that he had counsel on some of the convictions, for others he actually served less time than he was given, and on two of the convictions he did not serve any time at all. Sent. Hr'g Tr., Jan. 23, 2006, at 5-15. The Court sustained one objection and overruled the others, and recalculated the petitioner's criminal history points at fourteen, instead of the sixteen points stated in the PSR. The sentencing hearing was adjourned to allow defense counsel to file a motion for downward departure.

At the adjourned sentencing date, the Court determined that the petitioner was a career offender pursuant to USSG § 4B1.1(a) because he had two prior felony drug convictions. The Court calculated his guidelines range to be 360 months to life, finding an offense level of 37 and a criminal history category of VI. However, proceeding under an advisory guidelines regime, the Court sentenced the petitioner to a custody term of 180 months, reasoning as follows:

> Considering also the other factors with respect to proportionality, the guidance furnished by the sentencing guidelines, the need for deterrence and isolation and also to provide rehabilitative opportunities for the defendant as Section 3553(A) requires me to do, I believe that a sentence below the career offender level, but a sentence nonetheless that would be a substantial sentence, would serve the ends of justice in this case.
>
> The suggestion is perhaps a sentence in the original guideline range, which would be an offense level 32 with a criminal history category of VI, might be appropriate. And that range is 210 to 262 months. A sentence of 210 months, the court believes, might be somewhat harsher than is necessary.
>
> On the other hand, in my view, a substantial sentence on the order of ten times what Mr. Swift received as a minimum sentence in the past is appropriate, given all the factors contained in Section 3553(A).
>
> Therefore, pursuant to the Sentencing Reform Act of 1984, and considering all those factors in the statute as I articulated, it is the judgment of the court that the defendant Ronald Swift is committed to the custody of the United States Bureau of Prisons for a term of 180 months on counts 1 and 2. They are to be served concurrently, which means at the same time.

Sent. Hr'g Tr., Feb. 2, 2006, at 15. The petitioner filed a direct appeal, challenging the mid-trial denial of his Rule 29 motion, but did not raise any sentencing issue. The Sixth Circuit affirmed the Court's judgment. On August 29, 2008, the petitioner filed the present motion to vacate his sentence under section 2255 of title 28. The government responded on October 20, 2008.

II.

The petitioner contends his criminal history score was incorrectly calculated at fourteen because three convictions should not have been counted. He says a possession of marijuana conviction should have been scored as one point instead of two because he did not serve jail time, only time on a tether. *See* PSR ¶ 53. He makes the same argument for two other convictions, one for possession of cocaine and another for possession of marijuana. *See* PSR ¶¶ 73, 75. He contends that the revised calculations would result in nine criminal history points and a category of V, yielding a guideline range of 168 to 210 months

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "Normally, sentencing challenges must be made on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). The petitioner did not raise the present challenges on appeal.

However, a claim that "cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance," *ibid.*, and the petitioner makes such a claim. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that her attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. "A failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Arredondo v. United States*, 178 F.3d 778, 787 (6th Cir. 1999).

The problem with the petitioner's argument in this case is that it talks past the unavoidable fact that he is a career offender, and the proper guideline range in his case must be calculated under USSG § 4B1.1(a) & (b) at 360 months to life, regardless of how his prior misdemeanor convictions are scored. Under the Sentencing Guidelines in effect at the time of the petitioner's sentencing,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2, comment. (n.1).

The PSR listed two convictions of a felony controlled substance offense that have not been challenged by the petitioner. Both of those carried potential punishments in excess of one year imprisonment. Paragraph 47 of the PSR recites a conviction of possession with intent to distribute less than fifty grams of cocaine, for which the petitioner was sentenced to probation on June 15, 1992, and ultimately to 18 to 60 months for a probation violation. Paragraph 50 lists a conviction for the delivery or manufacture of marijuana, for which he was sentenced on September 18, 1997. The petitioner does not challenge the validity of these convictions. Both of these are punishable by terms of incarceration exceeding one year. Possession with intent to distribute less than fifty grams of cocaine carries a maximum penalty of twenty years, Mich. Comp. Laws § 333.7401(2)(a)(iv), and delivery of any amount of marijuana less than five grams carries a maximum term of imprisonment of four years, Mich. Comp. Laws § 333.7401(2)(d). These convictions, in themselves, are sufficient to qualify the petitioner as a career offender under USSG § 4B1.1, which the Court correctly found applied. None of the petitioner's arguments assail this conclusion.

However, at the sentencing hearing, the Court referred to the petitioner's alternate guideline calculation as if he were not a career offender. The petitioner seizes on this, contending somehow this hypothetical reasoning using an even lower guideline range might have altered the Court's thinking when it decided to vary downward from the career-offender-driven guideline range. That argument is unpersuasive in the context of the petitioner's ineffective assistance of counsel claim.

Of course, if accurate, the petitioner's arguments that he served no custodial time whatsoever on two prior convictions would alter the alternative guidelines range noted by the Court during sentencing. If the petitioner in fact served no custodial sentence, then he should not have received two points for each of the three convictions he identifies. Rather, these convictions would count for

one point each under USSG § 4A1.1(c), reducing the petitioner's criminal history points from 14 to 12, his criminal history category from VI to V, and the guidelines range from 210-262 to 188-235 months. But since the actual guideline range was not calculated on the basis of the criminal history points, it cannot sensibly be argued that defense counsel's decision was unreasonable not to press the point of how much time the petitioner had served on three misdemeanor convictions.

A lawyers strategy as to which arguments to advance and which to abandon is entitled to great deference. *Strickland*, 466 U.S. at 689.

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Ibid.* (internal quotes and citations omitted).

More important, however, the record simply does not support the petitioner's claim. There was a discussion on the record about the length of the sentences the petitioner actually served on his prior convictions. Sent. Hr'g Tr., Jan. 23, 2006, at 13-14. The record notes that the petitioner's own recollection was at odds with the documentation obtained by the probation officer, and if the length of those sentences may have had an actual impact on the guideline scoring, defense counsel ought to have investigated the point. But the record demonstrates that counsel was aware of the issue and chose to rely instead on stronger arguments. "A reasonable attorney might choose not to quibble over small discrepancies that ultimately would not affect the client's sentence." *Arredondo*, 178

F.3d at 787. That decision was reasonable, and as a result defense counsel's performance cannot be deemed unreasonable.

The petitioner also must establish prejudice in order to prevail on an ineffective assistance of counsel claim. The respondent contends that even if the alternate guidelines range was improperly calculated, there was no prejudice to the petitioner because the Court departed from the advisory guidelines range. However, the Court has an obligation to consider the guidelines range in imposing sentence, *see* 18 U.S.C § 3553(a)(4), and an improperly calculated range is grounds for reversal of a sentence. *See, e.g., Gall v. United States*, 552 U.S. 38, ---, 128 S. Ct. 586, 597 (2007) (stating that the district court issues a procedurally unreasonable sentence if it fails to properly calculate the advisory guidelines range); *United States v. Lalonde*, 509 F.3d 750, 763 n. 5 (6th Cir. 2007). Simply because the Court departed from the advisory guidelines range does not mean that the Court did not consider it.

In this case, however, the correct guideline range was 360 months to life. Recalculating the petitioner's criminal history points does not change that range. The fact that the Court looked to an alternate guideline scoring protocol in deciding to vary from the actual range substantially does not change the raw numbers the petitioner seeks to challenge. If somehow the petitioner's attorney could be found to have performed deficiently, still no prejudice to the petitioner would result. There is no likelihood that the downward variance from the properly-calculated sentencing guideline range would have exceeded fifty percent under the petitioner's alternate scenario.

### III.

The petitioner has not shown that he was deprived of his constitutional right to the effective assistance of counsel. The Court finds that the petitioner has not established that the sentence in this

case was imposed in violation of the Constitution or laws of the United States. The petitioner, therefore, is not entitled to relief under 28 U.S.C. § 2255.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [dkt. #71] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 3, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 3, 2009.

s/Lisa M. Ware
LISA M. WARE